# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ALLEN SEIB,** | : | **PRISONER CIVIL RIGHTS** |
| **GDC ID # 734254,** | : | **42 U.S.C. § 1983** |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **VICTOR K. HILL et al.,** | : | **CIVIL ACTION NO.** |
|     Defendants. | : | **1:13-CV-3736-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Christopher Allen Seib, confined in Wilcox State Prison in Abbeville, Georgia, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against ten defendants located in Clayton County. [Doc. 1.] The Court granted Plaintiff's request to proceed *in forma pauperis*, [Doc. 4], and the matter is now before the Court on Plaintiff's (1) complaint, for screening under 28 U.S.C. § 1915A; and (2) motion for appointment of counsel, [Doc. 3].

## I.    28 U.S.C. § 1915A Standard

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2).  A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

2

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II.  Discussion

Plaintiff brings this action against Clayton County Sheriff Victor K. Hill; eight Clayton County officers; and Kevin Schumaker, a public defender who apparently represented Plaintiff. [Doc. 1 at 3.] In his complaint, Plaintiff recounts his criminal history from 2008 to 2011. [*Id.* at 3-8.] It appears that the focus of the complaint is Plaintiff's extradition from Georgia to Florida, allegedly without a hearing or a waiver by Plaintiff, on or about February 20, 2011. [*Id.* at 3, 5-6.] Plaintiff claims that the extradition violated his right to due process. [*Id.* at 9.] In Florida, Plaintiff was sentenced to one year of probation and released on March 3, 2011. [*Id.* at 6.] In his complaint which was dated November 1, 2013, and filed November 8, 2013, Plaintiff seeks monetary, declaratory, and injunctive relief. [*Id.* at 8-10.]

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." *Combs v. Nelson*, 419 Fed. Appx. 884, 886

3

(11th Cir. Jan. 18, 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). "A section 1983 claim accrues—and the statute of limitations begins to run—when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Id.* (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Plaintiff's extradition to Florida occurred more than two years and eight months before he filed the present case, and the facts supporting his § 1983 claims should have been apparent to him at the time of his extradition. Federal district courts are permitted to dismiss a complaint *sua sponte* when it appears beyond doubt "from the complaint itself that [a plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1280 (11th Cir. 2001)). As a result, Plaintiff's complaint is subject to dismissal.

The undersigned notes two other deficiencies in Plaintiff's complaint. First, Plaintiff fails to make specific allegations against Sheriff Hill and the eight Clayton County officers named as defendants, and thus violates the requirements of *Twombly*. Second, Plaintiff cannot sue his public defender pursuant to § 1983 because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*,

4

454 U.S. 312, 325 (1981); *Grider v. Cook*, 522 Fed. Appx. 544, 547 (11th Cir. June 17, 2013); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (recognizing that state public defenders do not act under color of state law, even when appointed by officers of the courts).

In addition, because Plaintiff's claims are barred and subject to dismissal, appointment of counsel is not warranted.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, [Doc. 3], is **DENIED**.

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this   19th   day of March, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE